**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., AKA Salma H. Agha, an individual, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BRUCE BREITMAN, an individual; et al., <br><br> Defendants-Appellees. | No. 15-55976 <br><br> D.C. No. 2:14-cv-03490-FMO-CW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Salma Agha-Khan, a.k.a. Salma H. Agha, appeals pro se from the district

court's judgment dismissing her action alleging federal and state law claims arising

out of her Chapter 7 bankruptcy. We have jurisdiction under 28 U.S.C. § 1291.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal for failure to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion in dismissing Agha-Khan's action for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure because the allegations in the second amended complaint are vague, confusing and failed to tie individual defendants to specific claims. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry*, 84 F.3d at 1179-80 (affirming dismissal of plaintiff's complaint because it failed to set forth simple, concise and direct averments).

The district court did not abuse its discretion in dismissing Agha-Khan's second amended complaint without leave to amend because Agha-Khan was provided with two opportunities to amend and further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

We reject as unsupported by the record Agha-Khan's contentions regarding default.

We reject as without merit Agha-Khan's various contentions about judicial bias and allegedly fraudulent docket entries in this case and in her bankruptcy proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Agha-Khan's motion for leave to file a substitute reply brief (Docket Entry No. 53) is granted. The Clerk shall file the reply brief submitted at Docket Entry No. 52, and strike the reply briefs filed at Docket Entry Nos. 31 and 47. All other pending motions and requests are denied.

**AFFIRMED.**

15-55976